

ROBERT A. GORDON
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(at Baltimore)

| | | |
|---|---|---|
| In re: | * | |
| Kathryn Jane Spearman | * | Case No. 17-12663-RAG |
| | | Chapter 7 |
| Debtor | * | |
| * * * * * * | * * * * * * * | |
| Christopher W. Nicholson, Esquire and Sally B. Gold, Esquire | * | |
| Plaintiffs | * | |
| v. | * | Adv. Proc. No. 17-00202 |
| Kathryn Jane Spearman | * | |
| Defendant | * | |
| * * * * * * * | * * * * * * | |

**MEMORANDUM OPINION AND ORDER**
<u>**RECONVENING TRIAL TO CALL COUNSEL TO TESTIFY**</u>

This Adversary Proceeding (AP) presents an objection to discharge premised upon several subsections of Section 727(a) of the Bankruptcy Code. The Debtor, Kathryn Jane Spearman, commenced her Chapter 7 case on February 28, 2017 and the Plaintiffs' Complaint commenced this AP on May 26, 2017. The first day of trial was April 11, 2018 and, after three

1

evidentiary hearings, trial concluded on October 15, 2018 with oral argument. The Court took the dispute under advisement that day.

Since then, the Court has reviewed the relevant statutory provisions and case law (there is a treasure trove of written opinions addressing the questions presented), the parties' legal memoranda, the transcripts and the exhibits. At this juncture, I can safely say that this dispute presents, by far, the toughest set of circumstances to justly resolve that I have encountered during my tenure on the Bench. The evidence of Ms. Spearman's pre-bankruptcy financial affairs establishes beyond dispute that her original, and amended, Statement of Financial Affairs (SOFA) and Schedules were filed with numerous factual omissions. Some well-regarded decisions indicate that a significant quantity of omissions can, standing alone, justify a debtor's loss of discharge. *See e.g.*, *In re Chalik*, 748 F.2d 616 (11th Cir. 1984); *In re Pumphrey*, 2010 WL 3927233 (Bankr. D. Md. Oct. 5, 2010). It is self-evident that wriggling and squirming to a result that permits so many defects without serious consequences would not set a good precedent for this District.

Yet, by contrast, I cannot pinpoint any significant, or even petty, advantage that Ms. Spearman personally gained either because of, or by using the misdirection of, the omissions, let alone any generally nefarious behavior on her part, and that provides a strong inference that she did not act with fraudulent intent. Just as fraudulent intent may be inferred from the totality of the circumstances, *see e.g., Isaacson v. Isaacson*, 478 B.R. 763, 784 (Bankr. E.D. Va. 2012); *Spencer v. Hatton (In re Hatton)*, 204 B.R. 470, 475 (Bankr. E.D. Va. 1996), it seems to this jurist that the contrary is likewise true: a person's purity of heart and mind can also be gleaned from the facts that speak directly to those gauges. This is especially so when one considers the depth and intensity of the heartbreak and anguish that upended Ms. Spearman's life prior to her

bankruptcy filing.  And this confounding mix of unique circumstances would not be complete without noting that Ms. Spearman's Chapter 7 Trustee, Mark J. Friedman, a nationally distinguished member of the bankruptcy bar, was called to testify on Ms. Spearman's behalf and, in essence, affirmed that he was satisfied that all relevant and material financial information was eventually disclosed and that he saw no good reason to pursue any claim against either third-parties or Ms. Spearman.

The more one reads the materials, the more one is convinced that the answer to this puzzle lies within Ms. Spearman's attorney-client relationship.  Over and over, Ms. Spearman testified that she provided her financial information to her attorney, Robert Grossbart, Esquire, (who also represented her at trial) and that she relied upon his expertise to properly complete her SOFA and Schedules, meaning to "slot" the information in correct pigeonholes and insure overall correctness.  This may be a valid defense, *see e.g.*, *In re Zizza*, 875 F.3d 728, 732 (1st Cir. 2017); *United States v. Lugo*, 131 F. App'x 901, 905 (4th Cir. 2005); *Se. Pa. Synod of the Evangelical Lutheran Church in Am. v. Gotwald (In re Gotwald)*, 488 B.R. 854 (Bankr. E.D. Pa. 2013); however, it was Ms. Spearman who alone testified to the particulars of the defense without any insight from Mr. Grossbart.[1]  Reading her testimony, with a clear recollection of her demeanor on the witness stand, I could not help but wonder, again and again, what light Mr. Grossbart's testimony could shed on the particulars of each individual omission, the overall process that led up to the commencement of the case, and its early days.

It is appropriate in limited circumstances for a Court to exercise its discretion to develop the evidentiary record in a proceeding.  Indeed, the Fourth Circuit Court of Appeals has opined that:

---

[1] Ms. Spearman did provide some detail and nuance in particular instances but her testimony, especially under a marathon-like cross-examination, became less and less illuminating under weight of repetitive questions.

3

> A trial judge is not captive within the case as made by the parties. He has the authority, if not the duty, to call witnesses who possess relevant information affecting the outcome of the issues when the parties decline to call them.

*United States v. Karnes*, 531 F.2d 214, 216 (4th Cir. 1976). To that end, Federal Rule of Evidence 614 provides in pertinent part, as follows:

> (a) Calling. The court may call a witness on its own or at a party's request. Each party is entitled to cross-examine the witness.
>
> * * *
>
> (c) Objections. A party may object to the court's calling or examining a witness ….

The authority to call and examine witnesses "is said to be derived from the judicial system's basic functions of disclosing truth and administering justice". *Karnes*, 531 F.2d at 216; *accord United States v. Berry*, 884 F. Supp. 2d 453, 458 (E.D. Va. 2012) (the Fourth Circuit "has demonstrated consistent deference to a trial court's need to bring order and clarity to courtroom proceedings."). In this proceeding, the Court has determined that complete justice cannot be accomplished without first calling Mr. Grossbart (or any other additional witnesses from his firm deemed appropriate) to the stand to testify as to the (1) the financial information provided by Ms. Spearman and (2) the reasons why much of it was not included in her original and amended statement of affairs.[2] Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland

---

[2] In this context, the Fourth Circuit has cautioned that due process requires a Court to remain impartial. *Karnes*, 531 F.2d at 216.

ORDERED, that the parties shall have thirty (30) days to object to the substance of this Order and if an objection is filed, a hearing shall be on May 22, 2019 at 10:00 a.m. to resolve the same; and it is further

ORDERED, that if no objections are filed, then trial shall re-commence on May 22, 2019 at 10:00 a.m.


cc:    Plaintiffs
       Attorney for Plaintiffs – Marc R. Kivitz, Esq.
       Debtor – Kathryn Jane Spearman
       Attorney for Debtor – Robert Grossbart, Esq.
       Chapter 7 Trustee – Mark J. Friedman

**END OF OPINION**